**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Jorge Luis RIVAS,
Defendant–Appellant.**

No. 89–6271.

United States Court of Appeals,
Tenth Circuit.

Jan. 11, 1991.

Michael McGuire, Oklahoma City, Okl., on the brief, for defendant-appellant.

Timothy D. Leonard, U.S. Atty., Teresa Black, Asst. U.S. Atty., Oklahoma City, Okl., on the brief, for plaintiff-appellee.

Before HOLLOWAY, Chief Judge, MOORE, Circuit Judge, and WESLEY E. BROWN *, District Judge.

WESLEY E. BROWN, District Judge.

Appellant Rivas alleges error in the district court's determination of his sentence. The case is submitted on the briefs pursuant to Fed.R.App.P. 34(f). For the reasons set forth herein, we vacate the sentence and remand to the district court.

Appellant was one of four inmates charged in connection with an attempted escape from the Federal Correctional Institution at El Reno, Oklahoma. Appellant entered a plea of guilty to one count of attempted escape in violation of 18 U.S.C. § 751(a). Under the U.S. Sentencing Guidelines, the recommended range of sentence for the defendant was determined to be 33–41 months. The district court departed upward from the Guidelines, however, finding that the defendant's criminal history tabulation under the Guidelines did not adequately reflect the seriousness of his criminal history. The district court decided to impose a sentence of 51 months on the defendant.

Appellant raises two issues on appeal. First, he argues that the district court

---

* The Honorable Wesley E. Brown, Senior District Judge of the United States District Court for the District of Kansas, sitting by designation.

erred in departing from the Guidelines. Second, he contends that the district court should have considered evidence that appellant was beaten by guards at the prison after his escape attempt as a mitigating circumstance at sentencing.

The total offense level under the Guidelines for the defendant's attempted escape was determined to be eighteen.[1] This determination is not challenged on appeal. The defendant's criminal history tabulation resulted in a total of six points, which placed him in Criminal History Category III under the Guidelines. *See* U.S.S.G. Ch. 5, Part A. Out of this total of six points, three points had been assessed under U.S.S.G. § 4A1.1(d) and (e) because the instant offense was committed while under a criminal justice sentence. The remaining three points were assessed under § 4A1.1(a) and were based on a prior criminal sentence imposed on appellant. The prior sentence arose out of an offense on November 5, 1982, that was summarized in the Presentence Report as follows:

> Official reports reflect that on November 5, 1982, Indiana Somoza and Juan Carlos Lopez withdrew approximately $1360 in cash from the bank. While parked at a red light after exiting the bank two latin males, including the defendant approached Ms. Somoza with guns drawn. One of the men grabbed her by the arm and told the other two [sic] to "shoot them." At that point, the second man walked to the car where Mr. Lopez was seated and shot him in the chest. The shooter then took Mr. Lopez's body and threw it in the back seat of Ms. Somoza's car. Ms. Somoza was also forced into the back seat of her car and the assailants entered the front seat. At this point Ms. Somoza was forced to turn over the money she had received at the bank.
>
> After being chased by a police officer the two assailants fled on foot into an indus-

trial area. The defendant was found hiding in the bushes and taken into custody. Hand swabs taken from the defendant contained gun powder particles which were consistent with recently firing a gun.

The defendant was convicted on three counts arising out of the events of November 5, 1982. The conviction on Count One was for first degree murder. The defendant was sentenced on this count to life imprisonment with a twenty five year mandatory minimum sentence. Count Two was attempting to solicit a first degree felony, for which the defendant was sentenced to fifteen years imprisonment with a three year minimum, with the sentence to run consecutively to Count One. Count Three was kidnapping, for which the defendant was sentenced to life imprisonment with a three year minimum sentence mandatory, to run concurrently with the sentence on Count Two.

Under the Sentencing Guidelines, these three felony convictions were treated as one prior sentence. *See* U.S.S.G. § 4A1.2(a)(2) ("Prior sentences imposed in related cases are to be treated as one sentence for purposes of the criminal history.") Thus, the defendant's prior convictions resulted in the addition of only three points to his criminal history tabulation. *See* U.S.S.G. § 4A1.1(a) ("Add 3 points for each prior sentence of imprisonment exceeding one year and one month.") The district court departed upward from the Guidelines on the basis that treating these three convictions as one did not adequately reflect the seriousness of the defendant's criminal history.[2] (Tr. at 5). The court stated: "These convictions involved two separate episodes of extraordinarily serious criminal conduct, being the defendant's murder of one Lopez and his kidnapping of a Ms. Somoza. These criminal acts do not clearly merge to the point that it is logical to consider them as one behavior." *Id.*

---

1. The total offense level of eighteen was determined as follows: The base offense level was thirteen (U.S.S.G. § 2P1.1(a)). The use of a threat of force against a correctional officer resulted in an increase of five levels. (U.S.S.G. § 2P1.1(b)(1); $13 + 5 = 18$). The defendant's role as a leader in the escape resulted in an increase of two levels. (U.S.S.G. § 3B1.1(c);

$18 + 2 = 20$). The defendant's acceptance of responsibility resulted in a reduction of two levels. (U.S.S.G. § 3E1.1(a); $20 - 2 = 18$).

2. We agree with appellant that the record shows that the district court did not rely upon two "no-actioned" arrests referred to in the Presentence Report.

■ This court has adopted a three-step analysis for reviewing upward departures from the Guidelines. *See United States v. White*, 893 F.2d 276 (10th Cir. 1990). First, we determine *de novo* whether the circumstances cited by the district court justify departure from the Guidelines. Generally, the sentencing court may depart from the Guidelines only if it "finds that there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the Guidelines that should result in a sentence different from that described." *Id.* at 277–78 (citing 18 U.S.C. § 3553(b)). Second, we determine whether the factual findings underlying the sentencing court's decision were clearly erroneous. *Id.; United States v. Gardner*, 905 F.2d 1432, 1434 (10th Cir.), *cert. denied,* —— U.S. ——, 111 S.Ct. 202, 112 L.Ed.2d 163 (1990). Finally, we determine whether the degree of departure was reasonable. *White*, supra; *Gardner*, supra.

■ We first determine whether the circumstances cited by the district court justify a departure from the Guidelines. We note that the Commission intended as a general rule that prior sentences imposed in related cases should be treated as one sentence in assessing a defendant's criminal history. U.S.S.G. § 4A1.2(a)(2). The application notes to this provision, however, caution that "[t]he court should be aware that there may be instances in which this definition is overly broad and will result in a criminal history score that underrepresents the seriousness of the defendant's criminal history and the danger that he represents to the public." U.S.S.G. § 4A1.2 Application Note 3. Similarly, the Commission's policy statement on the adequacy of the criminal history category provides in part:

> If reliable information indicates that the criminal history category does not adequately reflect the seriousness of the defendant's past criminal conduct or the likelihood that the defendant will commit other crimes, the court may consider imposing a sentence departing from the otherwise applicable guideline range.

> \*     \*     \*     \*     \*     \*

> A departure under this provision is warranted when the criminal history category significantly under-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit further crimes.

> \*     \*     \*     \*     \*     \*

> The court may, after a review of all the relevant information, conclude that the defendant's criminal history was significantly more serious than that of most defendants in the same criminal history category, and therefore consider an upward departure from the guidelines.

U.S.S.G. § 4A1.3.

We find no error in the district court's determination that the criminal history category of the defendant under the Guidelines (Category III) does not adequately represent the seriousness of the defendant's past criminal conduct. *See United States v. Jackson*, 921 F.2d 985 (10th Cir. 1990) *(en banc)* ("A district court has considerable discretion in appraising a defendant's criminal history.") The defendant had prior convictions for first degree murder and kidnapping and received consecutive life sentences for these crimes. The defendant was also convicted of attempting to solicit. Yet, these three convictions resulted in only three points being added to the defendant's criminal history tabulation, the same number of points that would have been added for a conviction on almost any non-violent felony. In consideration of the facts of this case, the addition of a mere three points and the resulting placement of the defendant in Criminal History Category III does not adequately reflect the exceedingly serious nature of his previous crimes nor does it reflect the danger that he poses to the public. *See United States v. White*, 893 F.2d 276, 279 (10th Cir.1990). As the district court noted, the logic of treating these separate and violent crimes against two victims as one prior sentence is not readily apparent, at least as far as measuring the gravity of the defendant's prior offenses is concerned. Accordingly, we find that the circumstances of the instant case are sufficiently unusual to warrant departure.

We next determine whether the district court's factual basis for departure was

clearly erroneous. Our review of the record confirms that the district court's basis for departure was supported by the record. There is no dispute as to the material facts underlying the district court's departure.[3]

■ We next determine whether the district court's degree of departure was reasonable. In discussing departures based on criminal history, the Sentencing Commission stated:

> In considering a departure under this provision, the Commission intends that the court use, as a reference, the guideline ranges for a defendant with a higher or lower criminal history category, as applicable. For example, if the court concludes that the defendant's criminal history category most closely resembles that of most defendants with a Category IV criminal history, the court should look to the guideline range specified for a defendant with a Category IV criminal history to guide its departure.

U.S.S.G. § 4A1.3. In *United States v. Jackson*, 921 F.2d 985 (10th Cir.1990) (*en banc*), we stated that the court may use "any reasonable methodology hitched to the Sentencing Guidelines to justify the reasonableness of the departure." at 991. We went on to say, however, that "we reiterate that whatever the method of reference is, it must be explicit." *Id.*

In light of *Jackson* we find that we must remand this case so that the district court can adequately explain the degree of departure imposed on the defendant. Although the district court clearly explained its reasons for determining that departure was warranted, the court did not explicitly state its reasons for determining that 51 months represented an appropriate degree of departure.[4] It is possible that the district court departed to a sentence of 51 months

by recalculating the defendant's criminal history score. The district court might have added three points each for the defendant's murder and kidnapping convictions, resulting in a Category IV criminal history.[5] Clearly, this would be a permissible method under *Jackson*. *See Jackson*, at 993 ("A sentencing court may assign points to the elements of a defendant's criminal history that warrant a departure, *see* U.S.S.G. § 4A1.1, thereby yielding a new criminal history score.") However, the record is not clear as to the reasoned basis used by the district court to determine the degree of departure. The clear mandate of *Jackson* is that the district court's method of determining the degree of departure must be explicitly stated in the record. We recognize of course that the district court did not have the benefit of our *Jackson* opinion. Be that as it may, we stated in *Jackson* that "the court *must* indicate its reasoned basis for the degree of departure" and that "[w]e will not rationalize a district court's departure from the Guidelines—either the decision to depart or the degree of departure." *Jackson*, at 990. Because there is no explicit reference in the record before us as to the method used to determine the degree of departure, we vacate the sentence and remand to the district court for further proceedings.

■ Appellant's final argument is that the district court erred in failing to consider certain mitigating circumstances when determining the sentence. At the sentencing hearing, the defendant alleged that he had been beaten by guards at the FCI after his escape attempt. Appellant asked the district court to consider this as a mitigating factor in imposing sentence. The district court asked the U.S. Attorney to look into these allegations but did not reduce the defendant's sentence. We find no error in the district court's refusal to reduce

---

**3.** Appellant asserts in his brief that the prosecutor did not show that appellant fired the gun that killed Mr. Lopez. This issue was not a determining factor in the district court's decision to depart from the guidelines.

**4.** The district court noted that the other defendants involved in the escape attempt received a sentence of 51 months. We do not interpret this observation as an explanation of the court's

degree of departure for this defendant. Even if it were intended as such, however, we would find it to be an inadequate explanation of the degree of departure because it is unrelated to the reasons underlying the departure—i.e. the seriousness of this defendant's criminal history.

**5.** An offense level of eighteen and a Criminal History Category of IV would result in a sentencing range of 41–51 months.

the defendant's sentence on this basis. The fact that the defendant may have been mistreated after his escape attempt is not a circumstance that lessens the severity of his crime nor does it affect the determination of a proper sentence for his offense. Although the allegations are of an extremely serious nature, the court did not err in declining to reduce the defendant's sentence on that basis. There are, of course, other avenues of redress available to the defendant in which he can assert such claims.

### Conclusion

We VACATE the defendant's sentence and REMAND to the district court for an explanation of the departure sentence in accordance with this opinion and in accordance with *United States v. Jackson,* 921 F.2d 985 (10th Cir.1990).