991 F.2d 806
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Michael Duane BENJAMIN, Defendant-Appellant.
 No. 92-8037.
 United States Court of Appeals, Tenth Circuit.
 April 20, 1993.
 
 Before LOGAN, MOORE and BRORBY, Circuit Judges.
 ORDER AND JUDGMENT*
 JOHN P. MOORE, Circuit Judge.
 
 
 1
 Michael Duane Benjamin pled guilty to one count of use of an unauthorized access device with intent to defraud in violation of 18 U.S.C. § 1029(a)(2). The District Court for the District of Wyoming departed upward from the Federal Sentencing Guidelines, sentencing the defendant to sixty months' imprisonment and three years of supervised release. The defendant appeals this sentence. Because we conclude the trial court did not give adequate reasons for departing from the Guidelines or for the degree of departure, we remand for resentencing.
 
 I.
 
 2
 In January, 1992, the grand jury returned a three count indictment against the defendant and a codefendant, charging conspiracy, fraudulent possession, and fraudulent use of credit cards in violation of 18 U.S.C. § 1029(b)(2) and § 1029(a)(3) and (a)(2). The defendant entered a guilty plea to one count under an agreement providing for the dismissal of the remaining two counts.
 
 
 3
 In the Presentence Report, the Probation Officer set the defendant's base offense level at 11, including a two point reduction for acceptance of responsibility. Considering the defendant's lengthy criminal record and the fact that he committed the instant offense while on probation and less than two years after his release from imprisonment, the Probation Officer computed 19 criminal history points. See U.S.S.G. § 4A1.1. This point total placed the defendant in criminal history category VI, the highest criminal history category. The Guidelines recommend a defendant with an offense level of 11 and a criminal history category VI receive a twenty-seven to thirty-three month sentence of imprisonment.
 
 
 4
 Because the defendant's criminal history score was substantially higher than the thirteen point minimum required for criminal history category VI, the Probation Officer noted "[a]n upward departure pursuant to [U.S.S.G. s] 4A1.3 may be warranted in that defendant's criminal history record does not adequately reflect the seriousness of his criminal record." The Probation Officer also set out an alternative sentencing table for the district court to use in determining the amount of an upward departure:
 
 
 5
 Offense VI VII VIII
 
 
 6
 Level: 11 (13, 14, 15) (16, 17, 18) (19, 20, 21)
 
 27"33 30"37 33"41
 
 7
 During the sentencing hearing, the district court adopted the Probation Officer's recommendations of offense level and criminal history category. The court then decided to depart upward in sentencing, stating:
 
 
 8
 I find that there exists aggravating circumstances of a kind and to a degree not adequately taken into consideration by the sentencing commission in formulating the guidelines, and that these aggravating circumstances should result in a sentence different than that prescribed by the sentencing guidelines.
 
 
 9
 I find that the aggravating circumstances are these: First, that your criminal history is not adequately represented by a criminal history category of 6. I think that it would be more realistically represented by a criminal category of 8.
 
 
 10
 Not only that, but I find that you have shown, indeed when you addressed the court you have shown a marked lack of concern for others, you don't have any remorse of any kind for your crimes. You have even boasted about your crimes, and you have offered to demonstrate to the United States Attorney's office how these crimes are committed because you are proud of them.
 
 
 11
 You have made statements as to how good you are at credit card crime, and you have made a statement about being the second best in the country at credit card crime. And I also note that you have a great tendency, and you did it this morning, to blame others for your situation instead of yourself.
 
 
 12
 All this makes me believe that society is entitled to protection from you and, therefore, I am going to depart upward so as to protect society.
 
 
 13
 It is the sentence and judgment of this court that you be committed to the custody of the Attorney General of the United States ... for a period of 60 months....
 
 
 14
 Transcript, Volume 3 at 23-24.
 
 II.
 
 15
 We have adopted a three-step analysis for reviewing a district court's upward departure from the Guidelines. See United States v. Freitekh, 912 F.2d 421, 423 (10th Cir.1990); United States v. White, 893 F.2d 276, 277-78 (10th Cir.1990). "First, we determine de novo whether the circumstances cited by the district court justify departure from the Guidelines.... Second, we determine whether the factual findings underlying the sentencing court's decision were clearly erroneous. Finally, we determine whether the degree of departure was reasonable." United States v. Rivas, 922 F.2d 1501, 1504 (10th Cir.1991) (citations omitted).
 
 
 16
 On appeal, the defendant challenges both the decision to depart and the degree of departure.[1] First, the defendant argues the circumstances relied upon by the district court do not warrant an upward departure from the Guidelines. Generally, the sentencing court may depart from the Guidelines only if it "finds that there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines that should result in a sentence different from that described." 18 U.S.C. § 3553(b); United States v. St. Julian, 922 F.2d 563, 567 (10th Cir.1990). Because uniformity and proportionality are the goals of the Guidelines, a sentencing judge should rarely depart from the Guidelines range. United States v. Jackson, 921 F.2d 985, 989 (10th Cir.1990) (en banc).
 
 
 17
 Here, the district court based its decision to depart upon the defendant's criminal history and his lack of remorse for his crimes or concern for others. The Sentencing Commission contemplated a defendant's criminal history might warrant an upward departure and expressly provided a sentencing court may depart upward when it determines "the criminal history category significantly under-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit further crimes." U.S.S.G. § 4A1.3, p.s.[2] In Jackson, however, we concluded the Guidelines discourage departures beyond category VI except in extraordinary circumstances. 921 F.2d at 992. Specifically, the Guidelines reserve departures beyond the highest criminal history category "for the unusual 'case of an egregious, serious criminal record in which even the guideline range for a category VI criminal history is not adequate to reflect the seriousness of the defendant's criminal history.' " Id. (quoting U.S.S.G. § 4A1.3, p.s.). Moreover, the open-ended structure of the criminal history axis of the sentencing table--placing a defendant with thirteen or more criminal history points in category VI--demonstrates "the Commission intended that a sentencing court reaching the uppermost criminal history category generally should stay within its confines." Id. These aspects of the Guidelines indicate departures beyond category VI should be highly unusual.
 
 
 18
 Although the sentencing court has considerable discretion in appraising the defendant's criminal history and determining whether to depart, the court must explicitly state the reasons for departing and "make a particularized finding of what factors were not adequately considered by the Sentencing Commission." Freitekh, 912 F.2d at 423; White, 893 F.2d at 278; see 18 U.S.C. § 3553(c)(2); United States v. Smith, 888 F.2d 720, 724 (10th Cir.1989), cert. denied, 494 U.S. 1068 (1990). Stated another way, the district court must explain why category VI fails to adequately reflect the seriousness of the defendant's criminal history. Jackson, 921 F.2d at 993.
 
 
 19
 Given this requirement, the district court's explanation in this case is not sufficient to support the departure. As the first aggravating factor, the court stated category VI does not adequately represent the defendant's criminal history. Unfortunately, because the court gave no explicit reason for that conclusion, we can only speculate the court was relying on the fact the defendant had six points more than the minimum required for category VI. While a high number of criminal history points may frequently evidence a criminal background more serious than the category reflects, the open-ended structure of category VI provides no grounds for departure based only on the accumulation of criminal history points. Instead, the sentencing court should make explicit findings of factors within the defendant's criminal record which indicate why the seriousness of his criminal history is not reflected in the Guideline range for category VI. See Rivas, 922 F.2d at 1504 (three points allotted to three separate, violent crimes resulted in a criminal history category which underrepresented serious nature of previous crimes); United States v. Gardner, 905 F.2d 1432, 1434-35 (10th Cir.) (the existence of two previous convictions for similar conduct which were not considered in calculating defendant's criminal history warranted departure), cert. denied, 498 U.S. 875 (1990); United States v. Bernhardt, 905 F.2d 343, 345 (10th Cir.1990) (defendant's twenty-five criminal history points were substantially higher than number required for category VI, several convictions were not counted in reaching twenty-five points, and nearly all defendant's crimes involved defrauding people). Upholding a departure based simply on the high number of criminal history points would frustrate Jackson's holding that the sentencing court should articulate reasons for the category VI sentence's inadequacy.
 
 
 20
 The district court also identified several other aggravating factors, such as the defendant's lack of remorse or concern for others and his tendency to blame others, which seem directed toward the defendant's propensity to commit future crimes. This propensity and the need to protect the public are valid concerns when deciding whether to depart. Whitehead, 912 F.2d at 452. However, the district court failed to explain how the Guidelines inadequately considered these circumstances. See Smith, 888 F.2d at 724; United States v. Thomas, 906 F.2d 323, 328 (7th Cir.1990) (sentencing court should tie reasons for departure to a circumstance inadequately considered by a specific section of Guidelines); United States v. Kennedy, 893 F.2d 825, 828 (6th Cir.1990) ("district court's references to [defendant's] extensive criminal record and failures of rehabilitation fail to explain how the guideline range was inadequate"). Because we will not rationalize the district court's departure or substitute our assessment of the case, we must remand for resentencing.
 
 
 21
 The defendant's second argument is based on the district court's failure to explain the degree of departure imposed on the defendant.[3] Because this problem may arise again, we need to address this argument.
 
 
 22
 To determine whether the degree of departure is reasonable, we must consider the district court's proffered justifications as well as such factors as: the seriousness of the offense, the need for just punishment, deterrence, protection of the public, correctional treatment, the sentencing pattern of the Guidelines, the policy statements contained in the Guidelines, and the need to avoid unwarranted sentencing disparities.
 
 
 23
 White, 893 F.2d at 278 (citing 18 U.S.C. § 3742(e)(3); 18 U.S.C. § 3553(a)). Jackson clarified these factors and held "the district court's enunciation of an adequate explanation for a departure sentence is a threshold requirement." 921 F.2d at 990. The sentencing "court may use any reasonable methodology hitched to the Sentencing Guidelines to justify the reasonableness of the departure," but the chosen methodology must be explicit. Id. at 991 (quoting United States v. Harris, 907 F.2d 121, 124 (10th Cir.1990)); see Rivas, 922 F.2d at 1505. Without an explicit explanation of the district court's method of determining the degree of departure, we cannot engage in a meaningful review of the reasonableness of the departure. Jackson, 921 F.2d at 989-90; Smith, 888 F.2d at 724. Here, the court exceeded even the recommendation of the probation officer and determined to impose a sentence of sixty months with no explanation of the reason for doing so. On remand, if the district court renews its decision to depart, it must articulate the method used to arrive at the sentence it imposes.
 
 
 24
 REVERSED and REMANDED for resentencing in accordance with this opinion.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 The defendant also argues the district court failed to give him adequate notice of the method or facts it would rely on in determining the degree of departure. Because we hold the district court did not provide an adequate explanation of the reasons for departure or the degree of departure, we do not reach the notice issue
 
 
 [2]
 The Commission's policy statement on the adequacy of the criminal history category also states:
 If reliable information indicates that the criminal history category does not adequately reflect the seriousness of the defendant's past criminal conduct or the likelihood that the defendant will commit other crimes, the court may consider imposing a sentence departing from the otherwise applicable guideline range.... The court may, after a review of all the relevant information, conclude that the defendant's criminal history was significantly more serious than that of most defendants in the same criminal history category, and therefore consider an upward departure from the guidelines.
 U.S.S.G. § 4A1.3, p.s.
 
 
 [3]
 The parties do not dispute the material facts underlying the district court's departure. Thus, we need not address whether the district court's factual basis for departure was clearly erroneous