**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Abdelrazak A. FREITEKH also known as Anthony Freitekh, Defendant–Appellant.**

**No. 89–3167.**

United States Court of Appeals, Tenth Circuit.

Aug. 24, 1990.

Peter John Orsi, II, Wichita, Kan., for defendant-appellant.

Kim I. Martin, Asst. U.S. Atty. (Lee Thompson, U.S. Atty., D. Kan., also on the brief), Wichita, Kan., for plaintiff-appellee.

Before McKAY and BALDOCK, Circuit Judges, and COOK,[1] District Judge.

McKAY, Circuit Judge.

This is an appeal from a sentence imposed by the district court which included an upward departure from the applicable sentencing range under the Federal Sentencing Guidelines.

## I. FACTS

On September 23, 1988, Mr. Freitekh pleaded guilty to the unlawful receipt of a firearm in violation of 18 U.S.C. § 922(g)(1) (1988). On October 27, 1988, he was arrested on two state charges of aggravated assault. He was sentenced on the federal firearms violation on December 16, 1988. However, the pre-sentence report did not include the state assault charges as part of Mr. Freitekh's criminal history. The district court imposed a pre-Guidelines[2] sen-

tence of five years, but suspended the sentence with the special conditions that Mr. Freitekh participate in a halfway house program, participate in a substance abuse program, and pay a fine of one thousand dollars in monthly installments.

On March 31, 1989, Mr. Freitekh was tried in state court and convicted of the two assault charges. That same day, he failed to return to the halfway house. An arrest warrant was eventually issued because of his failure to comply with the terms of his federal probation. After his arrest in El Paso, Texas, on April 12, 1989, Mr. Freitekh was transported to Wichita, Kansas, where he was sentenced to serve two concurrent two- to five-year sentences on the state assault offenses.

On June 28, 1989, Mr. Freitekh moved for resentencing on the federal firearms conviction under the United States Federal Sentencing Guidelines. The district court granted his motion for resentencing. Using the previous presentence report, Mr. Freitekh asserted a total offense level of seven and a criminal history category of one. The Guideline range he urged would have resulted in an imprisonment range of one to seven months. *See* United States Sentencing Commission, *Guidelines Manual*, Ch. 5, Part A (Nov. 1989).

However, because the previous presentence report did not reflect the assault offense, the court modified the report to include the subsequent state court conviction and sentence. The court found that the applicable Guideline range was four to ten months, but decided to depart upward from the Guidelines. The court's order contained a list of events that it described as "numerous compelling aggravating factors." Order, July 10, 1989, at 2. These factors, according to the court, warranted an upward departure. The district court sentenced Mr. Freitekh to a term of 30 months with credit for time served and

---

1. Honorable H. Dale Cook, Chief Judge for the United States District Court for the Eastern, Northern, and Western Districts of Oklahoma, sitting by designation.

2. At the time of defendant's sentencing hearing, the constitutionality of the Federal Sentencing Guidelines Act was uncertain. Thus, the district court sentenced Mr. Freitekh under pre-Guidelines standards.

supervised release for a term of two years following his release from prison. ·

On appeal, Mr. Freitekh's challenges the legality of the district court's upward departure. First, Mr. Freitekh argues that the court did not state precisely which aggravating circumstances were not taken into consideration by the Sentencing Commission in formulating the Guidelines. Second, he argues that the sentence is unreasonable because it is three times the Guideline maximum. Finally, Mr. Freitekh claims that the district court did not follow the detailed process described in section 4A1.3 of the Guidelines concerning upward departure when a defendant's criminal history is not adequately reflected in the Guidelines. We hold that the district court's upward departure lacks sufficient explanation to enable us to decide the first two issues raised. Accordingly, we do not reach the third issue raised by Mr. Freitekh.

## II. DISCUSSION

■ We have previously announced a three-step framework for reviewing upward departures from the Guidelines. *See United States v. Jackson,* 903 F.2d 1313, 1316–17 (10th Cir.1990); *United States v. Emrick,* 895 F.2d 1297 (10th Cir.1990); *United States v. White,* 893 F.2d 276, 277 (10th Cir.1990) (citing *United States v. Diaz–Villafane,* 874 F.2d 43 (1st Cir.), *cert. denied,* — U.S. ——, 110 S.Ct. 177, 107 L.Ed.2d 133 (1989)); *see also United States v. Joan,* 883 F.2d 491, 494–96 (6th Cir. 1989). In *White,* we explained the three-step process as follows. First, we determine whether the circumstances relied on by the district court justify a departure from the Guidelines. The district court may depart from the Guidelines only if it "finds that there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines." 18 U.S.C. § 3553(b) (1988). Second, we review the underlying findings of fact made by the district court in order to determine whether the circumstances cited by the district

court actually existed. These findings of fact will be overturned only if they are clearly erroneous. *See* 18 U.S.C. § 3742(e) (1988). Finally, if steps one and two are satisfied, we review the district court's range of departure under a standard of reasonableness. *See* 18 U.S.C. § 3742(e)(3) (1988).

Because departure from the Guidelines is to be made only in exceptional cases, the statute makes clear that as a condition precedent to departure, the sentencing court must make a particularized finding of what factors were not adequately considered by the Sentencing Commission.

> The court, at the time of sentencing, shall state in open court the reasons for its imposition of the particular sentence, and, if the sentence—
>
> . . . .
>
> (2) is not of the kind, or is outside the [Guideline] range, described in subsection (a)(4), the specific reason for the imposition of a sentence different from that described.

18 U.S.C. § 3553(c) (1988). *See also United States v. Smith,* 888 F.2d 720, 723–24 (10th Cir.1989); *Emrick,* 895 F.2d at 1297–98. In addition the court must indicate its reasoned basis for the degree of departure. *See United States v. Dean,* 908 F.2d 1491, 1496 (10th Cir.1990); *United States v. Harris,* 907 F.2d 121, 123 (10th Cir.1990); *United States v. Russell,* 905 F.2d 1450, 1454–55 (10th Cir.1990); *United States v. Gardner,* 905 F.2d 1432, 1434–35 (10th Cir.1990); *United States v. Zamarripa,* 905 F.2d 337, 340–41 (10th Cir.1990). In *Smith,* we stated:

> Without particularization by the trial court of its reasons for an enhanced sentence, this court cannot engage in the kind of meaningful review intended by § 3742 of the Sentencing Reform Act, which provides that a sentence should be set aside by this court if it departs unreasonably from the Guidelines' recommended sentence. 18 U.S.C. § 3742(e). The requirement that the district judge articulate specific reasons for any departure from the recommended sentence reflects the intent of Congress to do away with the uncertainties and the disparities

in sentencing which resulted from earlier systems where judges had broad discretion. To permit review in the context of this purpose, trial courts must set forth those incidents or circumstances which prompt them to impose greater punishment than the standards contemplate.

*Smith,* 888 F.2d at 724 (citations omitted).

■ On its face, the district court's order does not sufficiently articulate which unusual circumstances existed but were not adequately considered by the Sentencing Commission. The district court identified a series of events that it determined were aggravating factors. However, at least one of the cited factors, the state conviction of assault, appears to have been used by the court in reaching its Guideline range. The court used the state conviction in modifying the first presentence report. As a result, the court used Mr. Freitekh's updated criminal history to change from a Guideline range of one to seven months, and reach a range of four to ten months. We recognize that the state assault conviction may be a relevant factor in determining whether the Guidelines adequately consider the severity of Mr. Freitekh's criminal history. However, an upward departure requires a clearer articulation than was shown here. In addition, no attempt was made to show why a trebling of the Guideline maximum was a necessary degree of departure.

## III. CONCLUSION

We understand that the deficiency in the district court's order may be a result of the early stage of Guidelines implementation. Yet, in the absence of specific reasons for departure, we cannot conduct the review we are required to make. Accordingly, the sentence is VACATED and the case is REMANDED for resentencing in accordance with the principles set forth in this opinion.