**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Leonard Brady JACKSON,
Defendant–Appellant.**

**No. 89–6118.**

United States Court of Appeals,
Tenth Circuit.

July 17, 1990.

Before HOLLOWAY, McKAY, LOGAN, SEYMOUR, MOORE, ANDERSON, TACHA, BALDOCK, BRORBY and EBEL, Circuit Judges.

## ORDER

v.

**Leonard Brady JACKSON,
Defendant–Appellant.**

**No. 89–6118.**

United States Court of Appeals,
Tenth Circuit.

Dec. 17, 1990.

Susan M. Otto, Asst. Federal Public Defender, for defendant-appellant.

Robert G. McCampbell (Timothy D. Leonard, U.S. Atty., with him on the brief), Asst. U.S. Atty., for plaintiff-appellee.

Before HOLLOWAY, Chief Judge, McKAY, LOGAN, SEYMOUR, MOORE, ANDERSON, TACHA, BALDOCK, BRORBY, and EBEL, Circuit Judges.

OPINION ON REHEARING EN BANC

TACHA, Circuit Judge.

## I. BACKGROUND

Defendant-appellant Leonard Jackson pleaded guilty to possession of ammunition after conviction of a felony in violation of 18 U.S.C. § 922(g)(1). Initially Jackson was charged in a three count indictment for the possession of four firearms, the possession with intent to distribute approximately one gram of cocaine, and the possession of ammunition by a felon. The firearms and cocaine counts were dismissed as part of the plea agreement. The government also agreed not to seek enhancement of Jackson's sentence pursuant to the Armed Career Criminal Act, 18 U.S.C. § 924(e)(1). The court sentenced Jackson to sixty months' imprisonment and imposed a special assessment of fifty dollars. At the time of Jackson's initial sentencing, the district court believed the Sentencing Guidelines were unconstitutional and declined to follow them.

Following an appeal of this sentence, we remanded the case for resentencing pursuant to the Guidelines in light of *Mistretta v. United States*, 488 U.S. 361, 109 S.Ct. 647, 102 L.Ed.2d 714 (1989). At the resentencing hearing, the district court noted Jackson's extensive criminal history and the aggravating circumstances surrounding the offense that were not adequately taken into consideration in the Guidelines.

The judge departed upward from the Guidelines range of four to ten months and imposed a sentence of sixty months' imprisonment, two years' supervised release, and a special assessment of fifty dollars.

Jackson again appealed, claiming the district court misapplied the Guidelines in departing upward. Specifically, he alleged the district court erred because: (1) the second sentence constituted a more severe penalty in violation of the double jeopardy clause, (2) the facts did not warrant an upward departure from the Guidelines range, and (3) the degree of departure was unreasonable. A panel of this court affirmed the district court in *United States v. Jackson*, 903 F.2d 1313 (10th Cir.1990).

We granted Jackson's request for a rehearing en banc solely on the issue of the reasonability of the district court's degree of departure. We find the district court's explanation of the degree of departure inadequate. We reverse and remand for a clear explanation of the reasons for the degree of departure from the Guidelines.

## II. DISCUSSION

### A. *The General Goals of the Sentencing Guidelines*

Congress adopted the Sentencing Guidelines to promote uniformity and proportionality in sentencing. Uniformity in sentencing entails treating similar cases alike. United States Sentencing Commission, *Guidelines Manual,* Ch. 1, Pt. A, intro. comment., at 1.2 (1989). Proportionality refers to treating different cases differently, or having the sentence fit the crime. *Id.* The Guidelines provide sentencing ranges of point values. The Guidelines also assign point values to offense characteristics and the defendant's criminal history. *See* U.S.S.G. § 1B1.1 (1990). Convictions involving roughly equivalent offense characteristics and defendants with similar criminal histories thus receive substantially uniform sentences.

The Sentencing Commission has established a strong presumption in favor of using of the Guidelines in sentencing. *See, e.g.,* U.S.S.G. Ch. 1, Pt. A, intro. comment., at 1.5. The Commission recognizes, however, that despite its best efforts it cannot account for all aspects of every case. *See, e.g., id.* at 1.6. The Commission therefore provided for departures from the Guidelines range. A sentencing court may depart from a Guidelines range based on: (1) offense characteristics not considered by the Commission, U.S.S.G. § 5K2.0; *United States v. Baker,* 914 F.2d 208 (10th Cir. 1990); (2) reliable information indicating the criminal history category does not adequately reflect the seriousness of the defendant's past criminal conduct or the likelihood the defendant will commit other crimes, U.S.S.G. § 4A1.3; *United States v. Whitehead,* 912 F.2d 448, 452 (10th Cir. 1990); or (3) both of these grounds, *United States v. Fortenbury,* 917 F.2d 477, 479 (10th Cir.1990). *But cf. United States v. Ferra,* 900 F.2d 1057, 1063–64 (7th Cir. 1990) (treating grounds as alternative). This flexibility enables a sentencing court to tailor a sentence to fit the individual criminal and his crime.

### B. *Rules Governing Departures*

#### 1. *Departures in General*

The Commission recognizes an inherent tension between the principles of uniformity and proportionality. U.S.S.G. Ch. 1, Pt. A, intro. comment., at 1.2. It also recognizes this tension is largely irresolvable.[1] *Id.* at 1.3. The conflict between these principles is most obvious when the district court departs from a Guidelines range. Because a judge who departs no longer strictly follows the standards of the Guidelines, uniformity is threatened. The relative lack of constraint accompanying departures also threatens the principle of proportionality. In exercising discretion to de-

---

1. It is important to note, however, that departure sentences will reflect the principle of uniformity to the extent they are proportional. If a departure sentence fits the crime in one case (*i.e.,* it is proportional), then it will seem appropriate in a comparable case (*i.e.,* it will promote uniformity). Treating different cases in roughly the same "different" way transforms the tension between the Guidelines' goals into synergy.

part, a judge could impose a sentence wholly out of proportion to the crime.

■ Two rules governing departures secure the principles embodied in the Guidelines. First, departures should rarely occur. *Id.* at 1.6–7. Because Congress set uniformity and proportionality as goals, a sentencing judge should depart from the Guidelines range only when necessary. *See United States v. Aguilar–Pena,* 887 F.2d 347, 349 (1st Cir.1989); *see also* 18 U.S.C. § 3553(a) (sentence must be sufficient, but not greater than necessary to achieve statutory purposes); *id.* § 3553(b) (sentence must be within Guideline range unless appropriate aggravating or mitigating circumstances mandate different result). In formulating the Guidelines, the Sentencing Commission reviewed over 40,-000 cases and carefully scrutinized 10,000 of them. U.S.S.G. Ch. 1, Pt. A, intro. comment., at 1.10. Because of this comprehensive review of the factors involved in determining sentences, the Commission has stated that a sentencing judge rarely should encounter situations the Commission did not contemplate and account for in the Guidelines. *Id.* at 1.7; *see also* U.S.S.G. §§ 4A1.3, 5K2.0 (stressing limited number of circumstances in which departures are warranted).

■ Second, when a sentencing court departs from the Guidelines, the court's discretion, though considerable, is not unfettered. *See United States v. Dean,* 908 F.2d 1491, 1497 (10th Cir.1990) (citing 18 U.S.C. § 3742(e)–(f)). It is certainly true that "[t]he controlling decision as to whether and to what extent departure is warranted can only be made by the courts." U.S. S.G. § 5K2.0, p.s. It is equally true, however, that this decision must conform to the law and policy of the Sentencing Reform Act. *See United States v. Gardner,* 905 F.2d 1432, 1437 (10th Cir.) (quoting *Ferra,* 900 F.2d at 1061–62) ("A judge may not say: 'I have decided to depart, so now I throw away the guidelines.' "), *cert. denied,* — U.S. ——, 111 S.Ct. 202, 112 L.Ed.2d 163 (1990). If the sentencing court considers departure appropriate, the court nonetheless must strive to maintain uniformity and proportionality in sentencing. *See, e.g., Dean,* 908 F.2d at 1497; *Gardner,* 905 F.2d at 1436.

■ The court also must explain the departure sentence adequately. *See, e.g.,* 18 U.S.C. § 3553(c) (court must state reasons for imposing particular sentence); *United States v. Freitekh,* 912 F.2d 421, 424 (10th Cir.1990). A sufficient explanation of a departure sentence contains three essential components. First, a district court must explain why the Guidelines sentence is inadequate. Second, the court must identify a sufficient factual basis for departure. Third, the court must explain why that specific degree of departure is reasonable. *United States v. White,* 893 F.2d 276, 278 (10th Cir.1990).

### 2. *Degree of Departure*

■ We are concerned here with the question of how to determine whether a district court's degree of departure is reasonable. On appeal, we review the reasonableness of a district court's explanation of the departure from the Guidelines range in light of the Guidelines' purposes. *See, e.g., Dean,* 908 F.2d at 1496–97; *Gardner,* 905 F.2d at 1438. We consider the following factors in reviewing the district court's degree of departure:

> [T]he district court's preferred justifications, as well as such factors as ... the seriousness of the offense, the need for just punishment, deterrence, protection of the public, correctional treatment, the sentencing pattern of the Guidelines, and the need to avoid unwarranted sentencing disparities.

*White,* 893 F.2d at 278 (citing 18 U.S.C. § 3742(e)(3); 18 U.S.C. § 3553(a)).

■ The first of these factors—the district court's preferred reasons for the degree of departure—is an absolute requirement. As we held in *Freitekh,* "the court *must* indicate its reasoned basis for the degree of departure." 912 F.2d at 424 (emphasis added). Without specific reasons for the sentence imposed, we cannot exercise our statutory mandate to review the reasonableness of a departure sen-

tence. *See, e.g., id.; Gardner,* 905 F.2d at 1436. We will not rationalize a district court's departure from the Guidelines—either the decision to depart or the degree of departure.[2]

Although in *White* we listed multiple factors that inform our reasonableness inquiry, the district court there gave objective reasons for the departure sentence by analogizing to a higher criminal history category as the Guidelines recommend. 893 F.2d at 280. We now clarify this aspect of *White* by holding the district court's enunciation of an adequate explanation for a departure sentence is a threshold requirement, mandated by statute. *See* 18 U.S.C. § 3553(c). We may consider the other indicia of reasonableness only if this requirement is met. *See, e.g., United States v. Davis,* 912 F.2d 1210, 1214–15 (10th Cir.1990); *Dean,* 908 F.2d at 1497.

■ The other indicia of reasonableness discussed in *White* are germane because they relate to the uniformity and proportionality of the sentence. As we observed in *Gardner:* "Reasonableness requires that the sentence regard the guideline factors ... of uniformity and proportionality.... These principles are not limited to sentences within the guideline range, but obviously are meant to apply to sentences that depart from the guideline range as well." 905 F.2d at 1436; *see also Davis,* 912 F.2d at 1215; *Freitekh,* 912 F.2d at 424; *United States v. Russell,* 905 F.2d 1450, 1456 (10th Cir.), *cert. denied,* —— U.S. ——, 111 S.Ct. 267, 112 L.Ed.2d 224 (1990). We also noted in *Gardner* that despite the inherent uncertainty involved in departure sentencing, we must "strive, to the extent

possible, to evaluate by objective criteria the reasonableness of each departure." Our decisions since *White* have defined these criteria. Just as the district court must premise its departure on the Guidelines' deficiency in assigning a defendant a particular offense level, criminal history category, or both, the court also must explain a departure sentence in these terms.

### 3. *Departure Sentence Based on an Inadequate Offense Level*

■ When a sentencing court finds aggravating circumstances relevant to sentencing that the Commission did not adequately consider, the court may depart upward from the Guidelines range in imposing a sentence.[3] 18 U.S.C. § 3553(b); U.S. S.G. § 5K2.0. When departing from the Guidelines, the court should look to the Guidelines for guidance in characterizing the seriousness of the aggravating circumstances to determine the proper degree of departure. *See Ferra,* 900 F.2d at 1062. *But cf.* U.S.S.G. Ch. 1, Pt.A., intro. comment., at 1.6 (Guidelines provide no specific guidance for departures based on offense characteristics not adequately considered by the Commission). As we concluded in *Gardner:*

> Although formulas of mathematical exactitude are neither required nor possible, the district court should articulate the objective criteria used as a basis for determining the actual sentence imposed. In many instances, this will consist of an extension of or extrapolation from other guideline levels or principles, or use of an analogy to other closely related conduct

**2.** *See, e.g., United States v. Davis,* 912 F.2d 1210, 1213–15 (10th Cir.1990); *United States v. Dean,* 908 F.2d 1491, 1496–97 (10th Cir.1990). We defer to the district court because of that court's familiarity with the case and any reasons therein for departure. *See, e.g., United States v. Russell,* 905 F.2d 1450, 1456 (10th Cir.), *cert. denied,* —— U.S. ——, 111 S.Ct. 267, 112 L.Ed.2d 224 (1990). If we speculate as to the reasons for a departure sentence, we substitute our assessment of the case for that of the district court. Thus, we could not legitimately say we were deferring to the district court's greater familiarity with the case. The district court must exercise its expertise in this area and articulate objective reasons for any departure sentence to

warrant our deference. *See, e.g., Dean,* 908 F.2d at 1497.

**3.** At the time of Jackson's second sentencing, the judge could consider aggravating circumstances in deciding to depart and in determining the degree of departure only if they were related to the charged offense. *See* U.S.S.G. § 5K2.0 (1989). We express no opinion whether this relationship existed in this case. We note, however, that the 1990 amendments to the Guidelines eliminate the requirement that the aggravating circumstances be related to the charged conduct. *Id.* § 5K2.0 (1990); *id.* at App. C.201.

or circumstances that are addressed by the guidelines.

905 F.2d at 1438; *see also, Ferra,* 900 F.2d at 1062 (applying *Gardner* principles to departure based on aggravating circumstances).

■ The universe of potential crimes may seem infinite, but all crimes are composed of different combinations of a limited number of basic offense characteristics. A sentencing court should be able to find some treatment of most offense characteristics in the Guidelines. In drawing analogies to other levels and the principles of the Guidelines to determine the proper degree of departure, a sentencing court generally may follow one of two basic approaches. Simply adding to the defendant's offense level the points assigned in the Guidelines to analogous conduct is the more straightforward approach. Alternatively, a court may "treat the aggravating factor as a separate crime and ask how the defendant would be treated if convicted of it." *Ferra,* 900 F.2d at 1062. In departing from the Guidelines, however, the district court cannot impose a sentence exceeding the sentence the defendant would have received had she been convicted on the basis of the acts that warrant a departure. *Id.* at 1063.

■ We do not *require* the sentencing court to assign offense level points to aggravating circumstances as the Commission would have if it had considered them. *See Dean,* 908 F.2d at 1497 ("No particular formula or mathematical exactitude is required, but the degree of the departure must generally be compatible with the guideline principle of proportionality."). A sentencing court has considerable discretion in setting a departure sentence. *See, e.g., Russell,* 905 F.2d at 1455; *White,* 893 F.2d at 278–79. Nonetheless, the approach we recommend here should assist the district courts in assessing aggravating circumstances by providing a framework in which they may exercise their discretion. *See United States v. Carpenter,* 914 F.2d 1131, 1135 (9th Cir.1990); *Ferra,* 900 F.2d at 1062. It also should assist our review of the reasonableness of a departure sen-

tence. *See Gardner,* 905 F.2d at 1436, 1438.

### 4. *Departure Sentence Based on an Inadequate Criminal History Category*

■ When a sentencing court finds the criminal history category computed under the Guidelines "significantly under-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit further crimes," the court may depart from the Guidelines range. U.S.S.G. § 4A1.3, p.s. A district court has considerable discretion in appraising a defendant's criminal history. The court may consider the defendant's present or past criminal conduct as grounds for departure to a higher criminal history category. *See Fortenbury,* 917 F.2d at 479–80 (quoting U.S.S.G. § 4A1.3, p.s.); *see also* U.S.S.G. § 1B1.4. A sentencing court departing on this basis should "use, as a reference, the guideline range for a defendant with a higher ... criminal history category, as applicable." *White,* 893 F.2d at 280 (quoting U.S.S.G. § 4A1.3, p.s.).

■ The reference should not be mechanical. A district court need not exhaust in sequence each higher criminal history category. *Contra United States v. Kim,* 896 F.2d 678, 685 (2d Cir.1990). Rather, the court may use any "reasonable methodology hitched to the Sentencing Guidelines to justify the reasonableness of the departure." *United States v. Harris,* 907 F.2d 121, 124 (10th Cir.1990). The "extrapolation from ... or ... analogy to" the Guidelines we have recommended should be a relatively simple procedure in departures based on criminal history. *See Gardner,* 905 F.2d at 1438; U.S.S.G. § 4A1.1 (assigning criminal history points for various past criminal acts). However, we reiterate that whatever the method of reference is, it must be explicit.

### C. *Departure from the Sentencing Guidelines in This Case*

■ With these considerations in mind, we turn to an examination of the district court's departure from the Guidelines

range in this case. Under the Guidelines Jackson's offense level was seven, and his criminal history category was III. The result is a sentencing range of four to ten months' imprisonment. The record in this case, however, reveals the district court departed from criminal history category III and even may have gone beyond the sentencing range for category VI. It is unclear from the record whether the basis for this increase was an inadequate offense level, an inadequate criminal history category, or both.

In support of the departure sentence, the district court first found there were "aggravating circumstances of a kind and to a degree not adequately taken into consideration by the Sentencing Guidelines." Although during the original sentencing the district court had expressed concern about cocaine and drug paraphernalia found in Jackson's apartment and firearms found in the apartment building, the court did not mention these factors as aggravating circumstances during resentencing. The court next remarked "[t]he criminal history category does not adequately reflect the seriousness of your past conduct," citing several prior convictions the Guidelines excluded because they were more than fifteen years old. See U.S.S.G. § 4A1.2(e). The district court stated the sentence should take these convictions into account because they demonstrated a continuing course of criminal conduct. The court then noted Jackson had received lenient treatment in a prior conviction for shooting with intent to kill. Finally, the court expressed concern over the relationship between drugs and violence in Jackson's criminal history.

■■■ The district court offered no further explanation for the sentence it imposed. The court only offered its reasons for departing but did not provide any justification for the degree of departure. The court did not rely on the Guidelines to find analogous levels and principles to guide its degree of departure. The court failed to clarify whether the departure was based on aggravating circumstances the Commission did not adequately consider, underrepresented criminal history factors, or both.[4]

Moreover, the district court apparently abandoned the Sentencing Guidelines entirely by imposing a sentence beyond the range appropriate to category VI. Both the language and the structure of the Guidelines discourage such departures except in extraordinary circumstances. The Sentencing Commission expressly has stated that departures beyond category VI are reserved for the unusual "case of an egregious, serious criminal record in which even the guideline range for a category VI criminal history is not adequate to reflect the seriousness of the defendant's criminal history." U.S.S.G. § 4A1.3, p.s. The structure of the Guidelines sentencing table also indicates a departure beyond category VI should be highly unusual. A comparison of the two axes of the sentencing table is instructive. See id. Chapter 5 Part A, at 5.2. The offense level axis lists values from one to forty-three. If a sentencing court reaches level forty-three—either by applying the Guidelines directly or by analogizing—and finds that level inadequate, the court must depart beyond the highest level. In contrast, the criminal history axis is open-ended. A defendant with thirteen *or more* criminal history points is placed in category VI. This feature of the table illustrates the Commission intended that a sentencing court reaching the uppermost criminal history category generally should stay within its confines.

---

4. In determining and explaining a departure sentence, the sentencing court must expressly distinguish between the two possible grounds for departure. *United States v. Fortenbury,* 917 F.2d 477, 479–80 (10th Cir.1990). Analogy to the Guidelines is difficult, at best, if the judge is unclear about what he is analogizing to. The distinction between the two grounds for departure is graphically represented by the Guidelines sentencing table itself. The sentencing table is formed by the intersection of two axes—the horizontal representing criminal history and the vertical representing the offense level. U.S.S.G. Chapter 5 Part A, at 5.2. The factors relevant to offense level and those related to criminal history are perpendicularly opposed; they are not interchangeable. *See Russell,* 905 F.2d at 1456 (quoting *United States v. Roberson,* 872 F.2d 597, 607–08 (5th Cir.), *cert. denied,* —— U.S. ——, 110 S.Ct. 175, 107 L.Ed.2d 131 (1989)).

██ Given the clear presumption favoring direct or analogous use of the Guidelines, a district court departing beyond category VI should explain why that category fails to adequately reflect the seriousness of the defendant's criminal history. Such an explanation serves three purposes. First, this requirement anchors sentencing courts to the Guidelines. Departures beyond category VI should not be lightly undertaken, and all sentencing should be governed by the principles of uniformity and proportionality. *See, e.g.,* U.S.S.G. Ch. 1, Pt. A, intro. comment., at 1.6; *Freitekh,* 912 F.2d at 423; *Gardner,* 905 F.2d at 1437. Second, the requirement provides a base line from which we can gauge the reasonableness of the degree of departure. *See Dean,* 908 F.2d at 1497 (citing need for "objective rationale" indicating proportionality of departure sentence). Finally, this requirement aids the Commission in directing the evolution of the Guidelines by revealing areas in which the Guidelines are inadequate. *See White,* 893 F.2d at 279 (quoting U.S.S.G. Ch. 1, Pt. A, intro. comment., at 1.6).

In the rare situation when a sentencing court has examined category VI and can articulate reasons for that sentence's inadequacy, two alternative reference points within the Guidelines could help guide a departure beyond the limits of the Guidelines. First, the increments between the Guidelines ranges could assist both the sentencing court and the reviewing court in gauging the reasonableness of the degree of departure. Observing the point value assigned to various criminal history elements and the way they move one upward through the criminal history categories could help the court determine an appropriate analogue sentence. *See United States v. Schmude,* 901 F.2d 555, 560 (7th Cir. 1990). A sentencing court may assign points to the elements of a defendant's criminal history that warrant a departure, *see* U.S.S.G. § 4A1.1, thereby yielding a new criminal history score. As the *Schmude* court observed, the court then can calculate an analogous sentencing range by referring to the increments between categories in the Guidelines sentencing table. 901 F.2d at 560. Second, the career offender category, U.S.S.G. § 4B1.1, may provide the appropriate analogy in some cases. *See Gardner,* 905 F.2d at 1437–39 (upholding district judge's determination that record supported finding defendant should be sentenced within range for career offenders). *But cf. United States v. Hawkins,* 901 F.2d 863, 866–67 (10th Cir. 1990) (analogy to career offender rejected as *basis* for departure when facts did not sufficiently support analogy).

Of course, we do not impose either of these two approaches as a mechanical formula limiting a district court's exercise of discretion. *See Russell,* 905 F.2d at 1456; *Bernhardt,* 905 F.2d at 345–46. The appropriate use of either one, however, would be an indicator of uniformity and proportionality. As we noted in *Gardner:* "Unless there is discipline in determining the amount of departure, ... sentencing disparity will reappear.... But it is possible to formulate approaches that link the extent of departure to the structure of the Guidelines." 905 F.2d at 1437 (quoting *Ferra,* 900 F.2d at 1061–61).

## III. CONCLUSION

We do not hold the district court in this case could not adequately explain the particular sentence it imposed. It is not our task to determine what a district court's explanation for a departure could be. Congress has assigned that task to the district courts. We execute Congress's intent in requiring the district courts to adequately explain any departure sentence. Only if a district court provides a sufficient explanation will we uphold a sentence as reasonable. We hold the district court did not adequately explain the degree of departure from the Guidelines and that it must do so. We therefore VACATE Jackson's sentence and REMAND to the district court for an explanation of the departure sentence in accordance with this opinion.