972 F.2d 357
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Brian David ROTH, Defendant-Appellant.
 No. 91-4195.
 United States Court of Appeals, Tenth Circuit.
 Aug. 4, 1992.
 
 Before LOGAN, BARRETT and EBEL, Circuit Judges.
 ORDER AND JUDGMENT*
 EBEL, Circuit Judge.
 
 
 1
 Defendant Brian David Roth pled guilty to five counts of theft of government property, with a total value of slightly more than $10 million, stolen during his tenure on the security police squadron at Hill Air Force Base, Utah. Under the circumstances of the case, the United States Sentencing Guidelines range for defendant before departure was thirty to thirty-seven months. The sentencing court departed upward, sentencing defendant to 120 months incarceration. Defendant appealed, and this court found, in pertinent part, that the district court's explanation of the reasonableness of the departure was insufficient, vacated the sentence, and remanded for resentencing. United States v. Roth, 934 F.2d 248, 252, 254 (10th Cir.1991) (Roth I ). On remand, the district court resentenced defendant to 108 months incarceration, providing an explanation of its degree of departure. Defendant submitted the instant appeal, again challenging the sufficiency of the district court's rationale for upward departure.[1] We affirm.
 
 
 2
 In Roth I, we followed our three-step review process for sentences departing upward from the guidelines. See United States v. White, 893 F.2d 276, 277-79 (10th Cir.1990). First, the circumstances cited by the district court must justify an upward departure. Id. at 277. In Roth I, we held that the sheer quantity of this series of thefts of military equipment, valued at $10 million, justified upward departure. 934 F.2d at 251. Second, the circumstances cited by the district court to justify upward departure must be shown to have actually existed. White, 893 F.2d at 278. This was not an issue in Roth I, see 934 F.2d at 251, and is not an issue in this appeal. And third, the degree of departure must be reasonable, White, 893 F.2d at 278, and the district court must support its degree of departure with specific reasons. United States v. Jackson, 921 F.2d 985, 989-90 (10th Cir.1990) (en banc). In Roth I, we vacated defendant's sentence and remanded for resentencing because we found that the district court did not set forth specific enough reasons to allow us to determine whether the degree of upward departure was reasonable under the circumstances of the case. 934 F.2d at 252.
 
 
 3
 On remand, the district court again departed upward, resentencing defendant to 108 months incarceration. The court stated that the degree of departure was the result of its grave concern with the national security implications of a theft of military equipment of the magnitude involved in this case. The court referred to two federal criminal statutes, 18 U.S.C. §§ 793(d) and 2155, that it determined were analogous to 18 U.S.C. § 641, the statute violated by defendant. Both statutes carry a maximum term of ten years, as does § 641. Section 793(d) prohibits acts of espionage and carries a sentencing guideline punishment range of 97-121 months. U.S.S.G. 2M3.2.[2] Section 2155 prohibits acts of sabotage against property used for national defense and carries a sentencing guideline punishment range of 63-78 months. U.S.S.G. § 2M2.3.[3]
 
 
 4
 The district court held that § 793(d) was analogous to defendant's conduct because defendant sold the equipment to individuals knowing that it could have been resold to others with interests adverse to United States national security. R.V. II at 35-36. It held that § 2155 was analogous because defendant's act of selling the equipment and removing it from the Air Force base was just as damaging to national security as sabotage of the stolen equipment would have been. Id. at 36. The court further found that it would have been appropriate to depart upward from § 2155's sentencing range because of the circumstances of the case. Id. Arguing that defendant's sentence should be proportional to that of an individual convicted under these circumstances under § 2155, the district court sentenced the defendant to 108 months. Id. at 36-37.
 
 
 5
 "[I]n determining the reasonableness of the degree of departure ... we should afford the trial judge due deference and not 'lightly overturn determinations of the appropriate degree of departure.' " United States v. Russell, 905 F.2d 1450, 1456 (10th Cir.) (quoting White, 893 F.2d at 279), cert. denied, 111 S.Ct. 267 (1990). In the case before us, as required by Roth I the district court cited analogous statutes and explained its rationale in using the analogous statutes to determine the degree of upward departure in defendant's resentencing. Under the due deference standard, we hold that the district court explained the reasonableness of its degree of upward departure sufficiently.
 
 
 6
 The judgment of the United States District Court for the District of Utah is AFFIRMED.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument
 
 
 [2]
 The district court incorrectly stated that the base offense level for this statute was 121-151 months. R.V. II at 35. That is the range for a criminal history level of four, five, or six. Defendant's criminal history level was zero. Roth I, 934 F.2d at 250. In light of our disposition of this case, this error is harmless
 
 
 [3]
 The district court incorrectly stated that the base offense level for this statute was 78-97 months. R.V. II at 36. That is the range for a criminal history level of four, five, or six. Defendant's criminal history level was zero. Roth I, 934 F.2d at 250. In light of our disposition of this case, this error is harmless