986 F.2d 1430
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Donald Lee COLBERT, Defendant-Appellant.
 No. 92-5132.
 United States Court of Appeals, Tenth Circuit.
 Feb. 4, 1993.
 
 Before TACHA and BALDOCK, Circuit Judges, and SAFFELS, District Judge.*
 ORDER AND JUDGMENT**
 TACHA, Circuit Judge.
 
 
 1
 Donald Lee Colbert pleaded guilty to one count of false representation of a Social Security number in violation of 42 U.S.C. § 408(a)(7)(B) and was sentenced to twenty months imprisonment plus three years supervised release. Mr. Colbert appeals that sentence and the district court's failure to credit his federal sentence for time served in state custody. We exercise jurisdiction under 18 U.S.C. § 3742 and affirm.
 
 
 2
 In June 1991, Colbert used a fictitious Social Security number to obtain an Oklahoma driver's license under the assumed name of Cleveland Freeman, Jr., open a bank account under that name, and pass insufficient funds checks totaling over $1500 to various northeast Oklahoma merchants. Tulsa Police Officers arrested Colbert on September 12, 1991, for uttering a forged instrument and held him in custody until the U.S. Attorney returned the indictment in this case on January 8, 1992.
 
 
 3
 In his federal case, Colbert pleaded guilty to one count of false representation of a Social Security number in violation of 42 U.S.C. § 408(a)(7)(B). At his sentencing hearing, the district court found that Colbert's calculated criminal history category of V underrepresented the seriousness of his past criminal conduct and his likelihood of recidivism. Specifically, Colbert's criminal history category did not include fifteen separate federal law violations in six separate criminal proceedings because they occurred over fifteen years prior to the instant offense. See United States Sentencing Commission, Guidelines Manual, § 4A1.2(e) (Nov.1992). Several of those convictions were for the possession of stolen mail and other fraudulent activities. The court therefore departed upward from Colbert's criminal history category and imposed a twenty-month sentence--exceeding the category V range by five years and the category VI range by two months. The court also denied Colbert's request for credit to his federal sentence for time spent in state custody on a state charge. On appeal, Colbert challenges the upward departure and the refusal to grant sentence credit.
 
 
 4
 We review an upward departure from the guidelines under a three-part test. See United States v. White, 893 F.2d 276, 277-78 (10th Cir.1990). We must determine:
 
 
 5
 (1) whether the district court correctly identified factual circumstances warranting departure; (2) whether such circumstances actually exist; and (3) whether the degree of departure is reasonable.
 
 
 6
 United States v. Thornton, 922 F.2d 1490, 1493 (10th Cir.1991). We conclude that the upward departure was valid under this test.
 
 
 7
 First, the court stated that it was departing upward because Colbert's prior convictions for "similar crimes," although over fifteen years old, indicated that his criminal history category of V did not adequately reflect the seriousness of the defendant's past criminal conduct or the likelihood or recidivism. This clearly articulated grounds for departure is appropriate under U.S.S.G. § 4A1.3. See United States v. Gardner, 905 F.2d 1432, 1434-35 (10th Cir.), cert. denied, 111 S.Ct. 202 (1990).
 
 
 8
 Second, the district court's factual basis for departure was not clearly erroneous. United States v. Harris, 907 F.2d 121, 123 (10th Cir.1990). Although Colbert disputes any similarity between the old convictions and the present one, we conclude that a sufficient factual basis existed for the court to find that these convictions were similar and that they indicated a likelihood of recidivism.
 
 
 9
 Third, we find the degree of departure to be reasonable. When the original criminal history category is inadequate, the sentencing court is "to use, as a reference, the guideline range for a defendant with the criminal history category that the court thinks most closely resembles the seriousness of the defendant's criminal history." Id. Although departures beyond the sentence range for a category VI criminal history are reserved for exceptional circumstances, a court wishing to so depart may seek guidance by extrapolating the guidelines based on a hypothetical criminal history point value and the existing sentence ranges. United States v. Jackson, 921 F.2d 985, 993 (10th Cir.1990); Gardner, 905 F.2d at 1438. We find the sentence of twenty months, based on such a procedure, to be reasonable under the circumstances. Because Colbert's sentence satisfies the three requirements for upward departure under U.S.S.G. § 4A1.3, we affirm.
 
 
 10
 Finally, Colbert challenges the district court's failure to credit his federal sentence for time spent in state custody on an unrelated charge. Although 18 U.S.C. § 3585(b) does provide authority for such a credit against his federal sentence, that determination is to be made initially by the Attorney General through the Bureau of Prisons. United States v. Wilson, 112 S.Ct. 1351, 1354-55 (1992). It is clear, however, that, at the time of Colbert's sentencing, he had not presented this issue to the Attorney General. Accordingly, the district court made no determination in that regard, and we are similarly without authority to reach that issue at this time.
 
 
 11
 AFFIRMED. The mandate shall issue forthwith.
 
 
 
 *
 Honorable Dale E. Saffels, Senior District Judge, United States District Court for the District of Kansas, sitting by designation
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3