986 F.2d 1430
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Thomas KEYES, Defendant-Appellant.
 No. 92-2098.
 United States Court of Appeals, Tenth Circuit.
 Feb. 10, 1993.
 
 Before SEYMOUR, STEPHEN H. ANDERSON and EBEL, Circuit Judges.*
 ORDER AND JUDGMENT**
 EBEL, Circuit Judge.
 
 
 1
 The defendant-appellant, Thomas Keyes, appeals from the district court's imposition of a 210-month sentence pursuant to the United States Sentencing Guidelines. Keyes contends that the district court erred in sentencing him under U.S.S.G. § 4B1.4(b)(3)(A), the provision governing sentences for convictions under the Armed Career Criminal Act, rather than sentencing him under U.S.S.G. § 2B3.1(a), the provision governing sentences for armed robbery. We hold that the district court properly applied the Sentencing Guidelines and that we therefore have no jurisdiction to consider this appeal.
 
 
 2
 Under 18 U.S.C. § 3742(a), a sentence imposed within the guideline range may not be appealed unless imposed in violation of the law or as a result of an incorrect application of the guidelines. United States v. Garcia, 919 F.2d 1478, 1479 (10th Cir.1990). Because we have jurisdiction to determine our jurisdiction, a defendant prima facie invokes our authority to review his appeal when he alleges that a sentence within the guidelines was imposed as a result of an incorrect application of the guidelines. Id. at 1480. Still, we must look beyond the mere allegations to consider whether the complaint is indeed reviewable under § 3742(a). As a result, the task of determining jurisdiction is sometimes little different from deciding the merits of the appeal. Id. Such is the case here.
 
 
 3
 Keyes was indicted on March 7, 1991, for violating 18 U.S.C. § 922(g)(1)[1] and the Armed Career Criminal Act, 18 U.S.C. § 924(g)(1).[2] He pleaded guilty to the charges. The conduct underlying the charges consisted of attempted armed robbery of a Pep Boys store.
 
 
 4
 Two guideline provisions cover Keyes' criminal conduct. Section 4B1.4 governs the sentencing of defendants convicted of violating the Armed Career Criminal Act, § 924(e). Keyes pleaded guilty to violating the ACCA, and does not contest that guilty plea on appeal. Under § 4B1.4(b), ACCA violators have a base offense level equal to the greater of 34[3] or the offense level applicable from Chapters Two and Three. The district court calculated the defendant's offense level under the Chapter Two armed robbery provision, § 2B3.1(a), to be 21.[4] Because the Chapter Two offense level of 21 was clearly lower, the district court found Keyes' offense level to be 34 pursuant to § 4B1.4(b).[5] The court then subtracted two points for acceptance of responsibility pursuant to § 3E1.1(a), resulting in a total offense level of 32. Upon plotting the offense level of 32 and criminal history category of VI[6] on the Sentencing Guidelines table, the court found that Keyes' guideline range for sentencing purposes was 210 to 262 months. The court then sentenced the defendant to the lowest point on that range--210 months. Because the district court properly applied the Sentencing Guidelines and did not impose the sentence in violation of the law, we have no jurisdiction to consider this appeal.
 
 
 5
 Mandate shall issue forthwith.
 
 
 
 *
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. Therefore, the case is ordered submitted without oral argument
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 Section 922(g)(1) prohibits the possession of a firearm by one who has previously been convicted of a crime punishable by a term of more than one year
 
 
 [2]
 Section 924(e)(1) provides that anyone who violates § 922(g) and who has three previous convictions for violent felonies or serious drug offenses punishable by a term of more than one year shall be imprisoned for a minimum of fifteen years
 
 
 [3]
 Section 4B1.4 provides that an ACCA violator's base level is 34 "if the defendant used or possessed the firearm ... in connection with a crime of violence." Section 4B1.2(1) defines a crime of violence as "any offense under federal or state law punishable by imprisonment for a term exceeding one year that ... has as an element the use, attempted use, or threatened use of physical force against the person of another." Attempted armed robbery satisfies the definition of a crime of violence
 
 
 [4]
 Keyes does not contest the accuracy of the district court's calculation of his offense level under either Chapter Two or § 4B1.4(b)
 
 
 [5]
 Keyes also asserts that the district court abused its discretion because it departed from a base offense level of 21 to an offense level of 34. This contention misconceives the district court's action. In choosing 34 as the base offense level, the district court was not "departing" as that term is used in the Guidelines; rather, the court was merely complying with § 4B1.4(b)'s command that it choose the higher of two applicable offense levels. That is, § 4B1.4(b) controls the question of which base offense level applies, while departure cases address the question of how far from the applicable base level the district court may stray in sentencing the defendant. For a discussion of the requirements for a proper departure, see Williams v. United States, 112 S.Ct. 1112, 1120 (1992); United States v. White, 893 F.2d 276, 277 (10th Cir.1990); United States v. Jackson, 921 F.2d 985, 989 (10th Cir.1990); United States v. Gardner, 905 F.2d 1432, 1436 (10th Cir.), cert. denied, 111 S.Ct. 202 (1990)
 
 
 [6]
 Keyes does not contest the accuracy of the court's assessment of his criminal history category