986 F.2d 1430
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Joseph Michael KALADY, Defendant-Appellant.
 No. 92-8025.
 United States Court of Appeals, Tenth Circuit.
 Feb. 17, 1993.
 
 Before McKAY, Chief Judge, McWILLIAMS, Circuit Judge, and SAFFELS,[1] District Judge.
 ORDER AND JUDGMENT[2]
 McKAY, Chief Judge.
 
 
 1
 Defendant was convicted in 1990 for failure to appear for trial in violation of 18 U.S.C. § 3146 (1988). At sentencing, the trial judge found that under the United States Sentencing Guidelines, the appropriate sentence was twenty-four to thirty months. However, the trial judge also found that even though Defendant had criminal history category VI, the maximum under the guidelines, this criminal history did not adequately reflect the extent of his criminal behavior. He therefore departed upwardly from the guidelines and imposed a sentence of forty months.
 
 
 2
 On appeal, we affirmed the underlying conviction. United States v. Kalady, 941 F.2d 1090 (10th Cir.1991) [hereinafter Kalady I ]. We also agreed with the trial court that an upward departure was warranted. Id. at 1099. However, we remanded for resentencing because the trial court did not adequately explain its reasoning for imposing the particular sentence imposed. Id. at 1100. We suggested two methods that the trial court could use for setting a sentence when category VI is inadequate.
 
 
 3
 First, the increments between the Guidelines ranges could assist both the sentencing court and the reviewing court in gauging the reasonableness of the degree of departure. Observing the point value assigned to various criminal history elements and the way they move one upward through the criminal history categories could help the court determine an appropriate analogue sentence.... Second, the career offender category, U.S.S.G. § 4B1.1, may provide the appropriate analogy in some cases.
 
 
 4
 Id. (quoting United States v. Jackson, 921 F.2d 985, 993 (10th Cir.1990) (en banc) (citations omitted)).
 
 
 5
 On remand, the trial court followed the first suggestion from Kalady I. It extrapolated criminal history categories VII, VIII, IX and X, and found that Defendant fit category VIII. Extrapolating the sentences from the guidelines, the court found the appropriate range to be thirty to thirty-seven months. Accordingly, it imposed a sentence of thirty-six months.
 
 
 6
 Defendant filed a timely appeal.
 
 
 7
 * Defendant argues that the upward departure in this case was unwarranted and that the practice of extrapolating further criminal history categories beyond category VI violates the purpose of the guidelines. We will not consider these arguments, because they were addressed in the prior appeal. It is the law of this case that an upward departure was warranted, that criminal history category VI did not adequately reflect the seriousness of Defendant's criminal record, and that extrapolating further criminal history categories can be an appropriate way of setting the sentence. See Kalady I, 941 F.2d at 1099-1100. Defendant presents no sound reason why these conclusions should be reconsidered. See Bromley v. Crisp, 561 F.2d 1351, 1363 (10th Cir.1977) ("an appellate court will not depart from a rule of law established on an earlier appeal in deciding the same issues, except for cogent reasons"), cert. denied, 435 U.S. 908 (1978).
 
 II
 
 8
 In resentencing Defendant after our remand, the trial court explicitly based its extrapolated calculation of criminal history in part on "sentences otherwise excluded due to the passage of time, pursuant to Application Notes 1 and 2, under Section 4A1.1(a) and 4A1.1(b) [of the sentencing guidelines]." (R. vol. I, Doc. 60, at 4.) Defendant argues that this was error. We disagree. Once a sentencing court justifiably departs from the guidelines, it "has considerable discretion in appraising a defendant's criminal history." Jackson, 921 F.2d at 991. In our prior opinion, we specifically discussed these same past convictions in reaching the conclusion that an upward departure was warranted. Kalady I, 941 F.2d at 1099; see also United States v. Russell, 905 F.2d 1439, 1442-44 (convictions not counted under the guidelines can be the basis for an upward departure). We conclude that the district court did not abuse its discretion in considering these convictions when it set the degree of its departure from the guidelines.
 
 III
 
 9
 Defendant next argues that the actual sentence imposed under the upward departure was unduly harsh. We review this issue under a standard of reasonableness. See Kalady, 941 F.2d 1098.
 
 
 10
 We conclude that the sentence imposed by the district court was entirely reasonable. In calculating Defendant's criminal history, the court gave Defendant the benefit of the doubt and did not count two convictions that Defendant claimed were imposed without benefit of counsel. The district court used exactly the kind of extrapolation suggested by this court in the prior appeal. The final sentence imposed was only six months longer than the maximum the court could have imposed without an upward departure.
 
 
 11
 We AFFIRM.
 
 
 
 [1]
 Honorable Dale E. Saffels, United States Senior District Judge for the District of Kansas, sitting by designation
 
 
 [2]
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3