62 F.3d 1429
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Brian David ROTH, Defendant-Appellant.
 No. 94-4198.
 United States Court of Appeals, Tenth Circuit.
 Aug. 3, 1995.
 
 Before MOORE, SETH, and EBEL, Circuit Judges.
 ORDER AND JUDGMENT[1]
 SETH, Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Defendant appeals from the district court's order denying his motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. 2255. He argues that (1) his sentence is illegal in light of the great disparity between his sentence and the sentence of his codefendant and (2) his restitution order also is an illegal sentence. Reviewing defendant's challenges to the legality of his sentence de novo, United States v. Gonzalez-Lerma, 14 F.3d 1479, 1484 (10th Cir.), cert. denied, 114 S.Ct. 1862 (1994), we affirm.
 
 
 3
 Defendant's first argument, that his sentence is illegal in light of the great disparity between his and his codefendant's sentences, is merely a restatement of his direct appeal arguments that his sentence was based on an illegal upward departure. Thus, this argument was addressed and decided in his direct criminal appeals. See United States v. Roth, 934 F.2d 248 (10th Cir.1991)(remanding for explanation of reasonableness of upward departure); United States v. Roth, 972 F.2d 357, 1992 WL 186283 (10th Cir.) (table)(affirming district court's explanation), cert. denied, 113 S.Ct. 672 (1992). The district court correctly concluded that defendant may not again raise this issue in a 2255 motion. See United States v. Warner, 23 F.3d 287, 291 (10th Cir.1994); United States v. Prichard, 875 F.2d 789, 790-91 (10th Cir.1989).[2]
 
 
 4
 Defendant next argues that his sentence to pay restitution of $24,749.50 is illegal for two reasons: (1) his codefendant was also ordered to pay restitution, thereby resulting in a double recovery for the government and (2) because all of the stolen aircraft engines were recovered and were undamaged, the government failed to meet its burden of proving the loss sustained. We agree with the district court's conclusion that the ordered restitution represents neither double recovery nor an illegal sentence, but, rather, accurately represents defendant's gain and payment of his share of damages caused to government property. Defendant presents no facts to the contrary.
 
 
 5
 The judgment of the United States District Court for the District of Utah is AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 As a subargument, defendant submits that the district court resentenced him using outdated guidelines and therefore the district court erred in determining the guideline range did not adequately consider the value of the theft. He admits that this is the first time he has raised this issue, but contends plain error analysis should apply since a substantial right was affected. We believe, however, that this issue, essentially challenging upward departure, was subsumed in his direct appeals. Even if the argument was not previously decided, the plain error standard, which applies in direct appeals, does not apply in a 2255 proceeding where there has been no contemporaneous objection to the claimed error. United States v. Frady, 456 U.S. 152, 166 (1982). Furthermore, we would decline to address this issue which was not first presented to the district court. See, e.g., United States v. Allen, 16 F.3d 377, 379 (10th Cir.1994)