66 F.3d 339
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
David Alan DOUGHERTY, True Name, also known as Allan
Dougherty, also known as Edward Keith Dougherty, also known
as Edward Dougherty, also known as Red Dougherty, also known
as David Allen Dougherty, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
David Alan DOUGHERTY, also known also as Allan Dougherty,
also known as Edward Keith Dougherty, also known as Edward
Dougherty, also known as Red Dougherty, also known as David
Allen Dougherty, Defendant-Appellant.
 Nos. 95-6110, 95-6113, 95-6114.
 United States Court of Appeals, Tenth Circuit.
 Sept. 11, 1995.
 
 Before MOORE, BARRETT and EBEL, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. See Fed. R.App. P. 34(f); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Defendant-Appellant David Alan Dougherty ("Dougherty") appeals the sentence he received after he pled guilty to three counts of burglary of a post office in violation of 18 U.S.C. 2115, one count of concealing stolen postal money orders in violation of 18 U.S.C. 641, and one count of escape[2] in violation of 18 U.S.C. 751(a). The district court sentenced Dougherty to 60 months imprisonment on each of the burglary counts, 74 months on the concealment count, and 60 months on the escape count, all to run concurrently.[3] The court based the sentence in part on (1) a two-level enhancement because Dougherty's crime involved "more than minimal planning" pursuant to 1B1.1 and 2B1.1(b)(5)(A) of the United States Sentencing Guidelines ("U.S.S.G." or "Guidelines"); and (2) an upward departure from the criminal history category assigned to Dougherty by the Guidelines, which the court found understated his true criminal history. Dougherty claims that he should not have received either the two-level enhancement for more than minimal planning or the upward departure from his assigned criminal history. We review the district court's factual findings for clear error, United States v. Chimal, 976 F.2d 608, 613 (10th Cir.), cert. denied, 113 S.Ct. 1331 (1993), and its legal interpretation of the Guidelines de novo, United States v. Agbai, 930 F.2d 1447, 1448 (10th Cir.1991), and affirm the court's ruling.
 
 More Than Minimal Planning
 
 3
 The district court found that Dougherty's burglaries involved more than minimal planning because he used gloves during the burglaries to conceal the offenses.[4] R.O.A., Vol. II at 4. The Guidelines define more than minimal planning as "more planning than is typical for commission of the offense in a simple form." U.S.S.G. 1B1.1 (application note f). For example, more than minimal planning exists where "significant affirmative steps were taken to conceal the offense," or where a case involves "repeated acts over a period of time, unless it is clear that each instance was purely opportune." Id.; see also United States v. Bridges, 50 F.3d 789, 791 (10th Cir.1994). As the district court found, Dougherty's use of gloves indicates a measure of planning in the commission of the burglaries and an affirmative step to conceal the offenses. Accordingly, we uphold the court's two-level enhancement for more than minimal planning.
 
 Criminal History
 
 4
 Based on Dougherty's prior criminal activities,[5] he received 24 criminal history points. The Guidelines provide for a criminal history category of VI for those with 13 or more criminal history points, and, thus, Dougherty would receive the maximum categorization of VI. However, the court departed upward from category VI because it found that category VI under-represented the seriousness of Dougherty's previous criminal conduct and the likelihood that he would commit further crimes. R.O.A., Vol. II at 17-18. To depart upward, the court extrapolated from the Guidelines and assigned Dougherty what would be a "category IX," and then sentenced him in the middle of the resulting sentencing range.
 
 
 5
 Dougherty argues that the court's departure and extrapolation were improper. However, the Guidelines expressly provide that
 
 
 6
 If reliable information indicates that the criminal history category does not adequately reflect the seriousness of the defendant's past criminal conduct or the likelihood that the defendant will commit other crimes, the court may consider imposing a sentence departing from the otherwise applicable guideline range.
 
 
 7
 U.S.S.G. 4A1.3; see also United States v. Jackson, 921 F.2d 985, 991 (10th Cir.1990) (en banc). We hold that Dougherty's lengthy criminal history supports the court's finding that a category VI criminal history under-represented Dougherty's past criminal conduct and future likelihood to commit other crimes. Moreover, the court both thoroughly explained why it felt an upward departure was warranted, see id. at 993 (holding that a court must explain why a category VI does not reflect adequately a defendant's criminal history), and based its departure on an extrapolation from the existing category increments in the Guidelines, as we have previously instructed sentencing courts to do, see id. at 993.
 
 Conclusion
 
 8
 For the foregoing reasons, the ruling of the district court is AFFIRMED. The mandate shall issue forthwith.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 Dougherty escaped from jail while awaiting sentencing on the burglary and concealment counts to which he had already pled guilty
 
 
 [3]
 The court also sentenced Dougherty to three years of supervised release on each count and imposed a $50 special assessment on each count
 
 
 [4]
 The Presentence Report concluded that Dougherty's crimes involved more than minimal planning not only because he used gloves to conceal the burglaries, but also because he used bolt cutters and consciously targeted businesses with unsophisticated security systems. Dougherty argues that these additional factors should not be considered as part of the more-than-minimal-planning determination. However, we decline to reach that issue because the district court did not base its ruling on those other considerations and because, as explained in the text, we conclude that Dougherty's use of gloves to conceal the offenses provided a sufficient basis for the district court's enhancement
 
 
 [5]
 Dougherty concedes that he was convicted of two burglaries when he was 17, five burglaries and one unauthorized use of a motor vehicle when he was 18, three burglaries when he was 23, and grand larceny when he was 25