**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Joseph Ventura LITTLE, Sr.,**
**Defendant–Appellant.**

No. 90–6244.

United States Court of Appeals,
Tenth Circuit.

July 22, 1991.

Susan M. Otto, Asst. Federal Public Defender, Oklahoma City, Okl., for defendant-appellant.

Leslie M. Kaestner, Asst. U.S. Atty. (Timothy D. Leonard, U.S. Atty., with her

on the brief), Oklahoma City, Okl., for plaintiff-appellee.

Before BRORBY and EBEL, Circuit Judges, and KANE, District Judge.[*]

EBEL, Circuit Judge.

The issue on appeal is whether the district court in applying the United States Sentencing Guidelines erred in making an upward departure by increasing the defendant's criminal history rating. The district court correctly determined that the guidelines do not adequately take into account the severity of the defendant's crime. Further, the district court, in determining the extent of the upward departure, appropriately referred to an analogous, although not directly applicable, guideline provision. Therefore, we affirm the district court's decision to upwardly depart from the guidelines.

### FACTS

The defendant-appellant, Joseph Ventura Little, Sr., was charged with the first degree murder of his five-month old daughter, Carol Ann, under 18 U.S.C. § 1111(a). According to the indictment, the crime was committed on May 2, 1989. The defendant pleaded nolo contendere to the reduced charge of voluntary manslaughter on May 10, 1990, under 18 U.S.C. § 1112(a). He was sentenced to a prison term of 108 months by the United States District Court for the Western District of Oklahoma on July 10, 1990.

During the pendency of the federal proceedings, the State of Oklahoma was prosecuting the defendant for murdering another child, his five-week old son, Joseph Ventura Little, Jr. The defendant had been charged with first degree manslaughter in the district court of Kay County, Oklahoma on November 30, 1987. A mistrial was declared on February 13, 1989. A second

trial took place, and on April 24, 1990, the defendant was convicted of murdering his son. He received a sentence of 45 years from the Oklahoma court.

■ Therefore, at the time the United States district court sentenced the defendant for the voluntary manslaughter charge, the defendant had a murder conviction on his record—the murder conviction in the Oklahoma state court. Further, the federal crime had been committed while the defendant was awaiting his second trial in state court for the Oklahoma murder charge. The district court used the Oklahoma conviction to calculate the defendant's criminal history pursuant to U.S.S.G. § 4A1.1(a). The district court noted, however, that the guidelines do not specifically account for the seriousness of the crime given that it was committed *while he was awaiting trial for the separate state crime.*[1] Because the district court held that the defendant's federal murder conviction was made worse by the fact that he committed the crime while he was awaiting trial on the state murder charge, the district court determined that an upward departure was appropriate.

### DISCUSSION

■ The defendant claims that the district court erred in upwardly departing from the guidelines because by applying § 4A1.1(a), the district court had already accounted for the fact that the federal crime was committed while awaiting trial for the separate state offense. We review de novo the defendant's claim that the district court erred in failing to realize that § 4A1.1(a) accounts for this aggravating factor. *See United States v. White,* 893 F.2d 276, 278 (10th Cir.1990).

Under U.S.S.G. § 4A1.1(a), the district court is to "[a]dd three points for each

---

[*] Honorable John L. Kane, Jr., United States District Judge for the District of Colorado, sitting by designation.

1. The district court also referred to the fact that the two crimes were similar and that both involved children. Those references were apparently offered as an explanation as to why the

sentence selected was at the top end of the range which was determined after the upward departure rather than as separate grounds for the upward departure. We lack jurisdiction to consider the defendant's challenge to those two reasons given to support the precise sentence selected by the court.

prior sentence of imprisonment exceeding one year and one month." Therefore, under § 4A1.1(a), the district court properly added three points to the defendant's criminal history rating to account for the defendant's forty-five year sentence stemming from the Oklahoma murder conviction.

■ The district court, however, noted that the three point addition pursuant to § 4A1.1(a) did not adequately account for the fact that the defendant committed the instant federal crime while awaiting trial for the state murder charge. According to the district court, this constituted an additional aggravating factor that should be accounted for in the defendant's criminal history calculation. We agree with the district court that the guidelines do not specifically account for this aggravating circumstance. Section 4A1.3 provides that when "the criminal history category does not adequately reflect the seriousness of the defendant's past criminal conduct or the likelihood that the defendant will commit other crimes the court may consider imposing a sentence departing from the otherwise applicable guideline range." Indeed, one of the examples listed in this section is "whether the defendant *was pending trial*, sentencing, or appeal on another charge at the time of the instant offense." § 4A1.3(d) (emphasis added). Therefore, the guidelines themselves support the district court's conclusion that they do not adequately account for the seriousness of a crime committed when the defendant is awaiting trial for a separate crime.

The district court based his decision to add two points to the defendant's criminal history rating by analogizing to § 4A1.1(d). Section 4A1.1(d) provides that two points should be added "if the defendant committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status." In *United States v. Jackson*, 921 F.2d 985 (10th Cir.1990) (en banc), we specifically approved of this method of arriving at an appropriate upward adjustment: "[T]he court may use any reasonable methodology hitched to the Sentencing Guidelines to justify the reasonableness of the departure.

The extrapolation from or *analogy* to the Guidelines we have recommended should be a relatively simple procedure in departures based on criminal history." *Id.* at 991 (emphasis added) (quotations, citations, and ellipses omitted). *See also United States v. Gardner*, 905 F.2d 1432, 1438 (10th Cir.), *cert. denied*, — U.S. —, 111 S.Ct. 202, 112 L.Ed.2d 163 (1990) ("Although formulas of mathematical exactitude are neither required nor possible, the district court should articulate the objective criteria used as a basis for determining the actual sentence imposed. In many instances, this will consist of ... [a] use of an analogy to other closely related conduct or circumstances that are addressed by the guidelines.").

We cannot say that the district court's decision to add two points to the defendant's criminal history by analogizing to § 4A1.3(d) is unreasonable in light of the Guidelines' purposes. *Jackson*, 921 F.2d at 989. This is particularly true given that § 4A1.3(d) specifically provides that this aggravating circumstance—the fact that the defendant murdered his daughter while awaiting trial in state court for murdering his son—is not accounted for under the general criminal history provision of § 4A1.1. The district court's decision to upwardly depart by adding two levels to the defendant's criminal history rating is, therefore, AFFIRMED.