986 F.2d 1430
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Donald BIRKHOLZ, Sr. and Donald Birkholz, Jr., Defendants-Appellants.
 Nos. 92-1257, 92-1259.
 United States Court of Appeals, Tenth Circuit.
 Jan. 6, 1993.
 
 Before TACHA, BALDOCK and PAUL KELLY, Jr., Circuit Judges.*
 ORDER AND JUDGMENT**
 PAUL KELLY, Jr., Circuit Judge.
 
 
 1
 Defendants-appellants Donald Birkholz, Sr. and Donald Birkholz, Jr. pled guilty to one count of mail fraud, 18 U.S.C. § 1341. Our jurisdiction arises under 28 U.S.C. § 1291 and we affirm.
 
 Background
 
 2
 Defendants operated sports memorabilia and firearms businesses under their own names, fictitious names, and various business names. Defendants were charged by an information alleging that they defrauded customers who ordered merchandise. Defendants failed to deliver merchandise or substituted merchandise under the ruse that the seller was now defunct and customers could take what was available or become unsecured creditors in bankruptcy. Defendants pled guilty to the information. After original defense counsel withdrew, the court denied Defendants' motion to withdraw their pleas and imposed sentences of twenty-four months and twenty-seven months imprisonment, respectively.
 
 Discussion
 I. Withdrawal of Defendants' Guilty Pleas
 
 3
 We review the denial of a motion to withdraw a guilty plea for an abuse of discretion. United States v. Burger, 964 F.2d 1065, 1070 (10th Cir.1992). A defendant bears the burden of demonstrating a "fair and just reason" for withdrawing a plea. See, Fed.R.Crim.P. 32(d); United States v. Elias, 937 F.2d 1514, 1520 (10th Cir.1991). Defendants claimed a lack of an adequate factual basis for their guilty pleas and a mistaken belief that they would receive only probation for their offenses. The plea agreement, the change of plea hearing and the statement of facts relevant to sentencing all contain admitted facts sufficient to establish the elements of a mail fraud offense and the Defendants were advised on the maximum possible penalties in accordance with Fed.R.Crim.P. 11(c)(1). Aplts.App.A at 131-32. Defendants have failed to overcome the strong presumption of validity attendant to the trial court proceedings at their change of plea hearing. See Blackledge v. Allison, 431 U.S. 63, 74 (1977). Unfulfilled expectations of a low sentence will not justify withdrawal of an informed and freely given guilty plea. See Worthen v. Meachum, 842 F.2d 1179, 1184 (10th Cir.1988). The district court did not abuse its discretion in denying the motions to withdraw the pleas.
 
 II. Application of the Sentencing Guidelines
 
 4
 Defendants argue that the district court applied the sentencing guidelines incorrectly in three areas: (1) denying a two-level reduction for acceptance of responsibility, (2) enhancing by two levels for obstruction of justice, and (3) departing upward to reflect the criminal history of Mr. Birkholz, Jr.
 
 
 5
 A court may reduce a defendant's sentence by two levels if that defendant demonstrates a recognition and affirmative acceptance of personal responsibility for his or her conduct. U.S.S.G. § 3E1.1(a). The defendant bears the burden of demonstrating by a preponderance of the evidence that he or she is entitled to the reduction. United States v. Rogers, 899 F.2d 917, 924 (10th Cir.), cert. denied, 111 S.Ct. 113 (1990). A failure by the district court to grant a reduction for acceptance of responsibility by the defendant will be overturned only if clearly erroneous. United States v. Ward, 957 F.2d 737, 741 (10th Cir.1992). Support exists in the record for the district court's denial of the reduction, given the Defendants' repeated denial of their intent to defraud and their propensity to place the blame on others. See Aplt.App.A at 217, Aplt.App.B at 5-6, 43-45.
 
 
 6
 Similarly, the record contains support for the district court's assessment of a two-level enhancement for obstruction of justice. The presentence report, adopted by the district court on this matter, notes substantial obstruction of justice by both Defendants, including providing materially false information to their probation officer regarding debts owed to their victims.
 
 
 7
 Mr. Birkholz, Jr. also appeals the district court's upward departure, specifically, a sentence based on a criminal history category II, rather than I. Category I was indicated because Defendant had only a misdemeanor theft conviction. See U.S.S.G. §§ 4A1.1(c); 4A1.2(c); 4A1.2(e). Said conviction occurred prior to the filing of the information in this case, but was based on events subsequent to those charged in the information. The district court, however, departed because "the criminal history category ... does not adequately reflect his true criminal history category, and I'm talking about the misdemeanor theft conviction that occurred in Jefferson County on November 27, 1991." Aplts.App. at 228.
 
 
 8
 We review upward departures in three steps: (1) whether the circumstances were not taken into account in formulating the Guidelines, (2) whether the circumstances relied on by the district court to depart actually exist, and (3) whether the departure is reasonable. See 18 U.S.C. § 3553(b); United States v. White, 893 F.2d 276, 277-78 (10th Cir.1990). Step one envisions de novo review; steps two and three are conducted pursuant to the clearly erroneous standard. Id. at 278. The district court may depart "when the criminal history category significantly under-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit further crimes." U.S.S.G. § 4A1.3, p.s. This is true even if the past offense which serves as the basis of departure was included in the criminal history category. See United States v. Little, 938 F.2d 1164, 1165-66 (10th Cir.1991). Here, the Defendant solicited sports memorabilia (and received sports tickets) under the false pretense that his son was very ill. See Aplt.App.B at 30. This resulted in his misdemeanor conviction. Given the abundant evidence in the record of defendant's persistence in this type of activity and its close relation to the instant offense, we think that the district court reasonably concluded that Mr. Birkholz had received lenient treatment in the past, and a more serious criminal history category would better reflect the true state of his record and the likelihood of recidivism. See U.S.S.G. § 4A1.3, comment, (backg'd). The district court had adequate legal grounds to depart. Its findings supporting a departure are not clearly erroneous.
 
 
 9
 The third step requires that we review the district court's methodology for the degree of departure. The district court looked at the Sentencing Table, U.S.S.G. ch. 5 pt. A, and moved horizontally to the next higher criminal history category for the specified offense level (15). Aplts.App.A at 228. The district court declined to depart to category III as recommended by the probation office. Given the district court's considerable discretion concerning the appraisal of a defendant's criminal history category, we are satisfied that the district court reasonably departed in selecting the next category. See United States v. Jackson, 921 F.2d 985, 991 (10th Cir.1990) (en banc).
 
 III. Ineffective Assistance of Counsel
 
 10
 Defendants raise a claim of ineffective assistance of counsel for the first time on direct appeal to insure that they do not waive the claim. Aplts.Br. at 21. As acknowledged by Defendants, ineffectiveness of counsel claims often require consideration of evidence not contained in the record on direct appeal and so collateral attack under 28 U.S.C. § 2255 is the preferred method of developing such claims. United States v. Sands, 968 F.2d 1058, 1065-66 (10th Cir.1992); Beaulieu v. United States, 930 F.2d 805, 806-07 (10th Cir.1991). Because further development of the record may be necessary, we decline to consider this claim on direct appeal. See Beaulieu 930 F.2d at 807 n. 2. Defendants may raise it in collateral proceedings pursuant to § 2255.
 
 
 11
 Our resolution of the above renders Defendants' appeal of the district court's denial of their motion for release pending appeal moot.
 
 
 12
 The criminal judgments of the district court are AFFIRMED. The mandate shall issue forthwith.
 
 
 
 *
 No party has requested oral argument. After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause therefore is ordered submitted without oral argument
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3